# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| ROBERT DALE ELLINGSWORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-05042-CV-SW-SWH |
| | ) |
| VERMEER MANUFACTURING COMPANY, | ) |
| | ) |
| Defendants | ) |

## ORDER

On January 27, 2016, plaintiff filed a Petition for Damages against Vermeer Manufacturing Company (hereinafter "VMC") and Dwayne Marshall in the Circuit Court of Stone County, Missouri. (Doc. #1-1)  The Petition alleged that plaintiff was injured while he was feeding a tree into a wood chipper manufactured by VMC.  Plaintiff alleged that unbeknownst to him the winch line had become entangled in the branches of the tree, and thus, as the tree went into the chipper, the rope/line, log-chain and hook were propelled violently and at high speed, hitting and crushing his legs.  Dwayne Marshall was alleged to be his foreman and supervisor on the job site.  As a result of the accident, plaintiff made the following claims: Strict Products Liability for Design Defect and Failure to Warn against defendant VMC (Counts I and II); Negligence for a Defective Product and for Failure to Warn against defendant VMC (Counts III and IV); Co-Employee Negligence against defendant Marshall (Count V); and a claim of Purposeful and Dangerous Acts that Increased the Risk of Danger against defendant Marshall (Count VI). (Doc. #1-1)  VMC removed the matter to this Court on April 22, 2016, on the basis of diversity jurisdiction. (Doc. #1)

On December 6, 2016, plaintiff filed a First Amended Complaint which added Vermeer Sales of Oklahoma as a defendant. (Doc. #23) The First Amended Complaint alleged that Vermeer Sales of Oklahoma was liable under the same theories of strict liability and negligence plead against VMC. In addition the First Amended Complaint added a claim against VMC for Negligence for Failure to Train and Instruct Distributors (Count V) and a claim against defendant Vermeer Sales of Oklahoma for Negligent Assembly and Failure to Warn (Count VI). (Doc. #23, at 12, 14) Defendant Marshall remained in the case on the same theories of liability now plead in Counts VII and VIII. (Doc. #23, at 17, 20) Plaintiff filed a proof of service showing that service was effectuated upon Vermeer Sales of Oklahoma by serving KD Lackey Jr. on January 24, 2017. (Doc. #28) On April 11, 2017, plaintiff filed a notice of voluntary dismissal as to defendant Marshall[1]. (Doc. #43)

Vermeer Sales of Oklahoma never filed an answer or other responsive pleading. The parties agree that Vermeer Sales of Oklahoma is a defunct corporation. On November 2, 2018, plaintiff filed a motion to voluntarily dismiss without prejudice defendant Vermeer Sales of Oklahoma. (Doc. #139) During a hearing on November 6, 2018, the Court granted the motion and dismissed Vermeer Sales of Oklahoma without prejudice[2].

On June 22, 2018, defendant VMC filed a motion for summary judgment. (Doc. #120) The Court heard argument on the motion on November 6, 2018. At the conclusion of the argument, the Court granted the motion for summary judgment making findings of fact and conclusions of law. A transcript of the hearing is attached to this Order and incorporated by reference. Based on the findings of fact and conclusions of law set forth on the record on November 6, 2018, it is,

---

[1] This resulted in the dismissal of Counts VII and VIII of the First Amended Complaint which were brought only against defendant Marshall.
[2] This resulted in the dismissal of Vermeer Sales of Oklahoma from Counts I and II of the First Amended Complaint and the dismissal of Count VI, brought only against Vermeer Sales of Oklahoma.

2

ORDERED that Defendant Vermeer Manufacturing Company's Motion for Summary Judgment (doc. #120) is granted.

/s/ Sarah W. Hays
SARAH W. HAYS
UNITED STATES MAGISTRATE JUDGE